## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

JAKE M. REINHARDT
31 Oakdale Place
Buffalo, New York 14210

TAYLOR M. SCHMIEDER
31 Oakdale Place,
Buffalo, New York 14210

KEVIN R. HARRINGTON
31 Oakdale Place
Buffalo, New York 14210

CASEY E. CARMINATI
31 Oakdale Place
Buffalo, New York 14210

KRYSTYNA KIMBRELL
1329 Clinton Street
Buffalo, New York 14206

    Plaintiffs,

v.

THE CITY OF BUFFALO
c/o Corporation Counsel
65 Niagara Street, 1100 City Hall
Buffalo, New York  14202

BYRON LOCKWOOD, individually and in his
capacity as Police Commissioner of the Buffalo
Police Department,
16 Treehaven Road
Buffalo, New York 14215

JOHN DOE No. 1, individually and in his
capacity as a City of Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202

**VERIFIED COMPLAINT
AND JURY DEMAND**

Civil Action No. _____21-cv-206_____

JOHN DOE No. 2, individually and in his/her
capacity as a City of Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202

JOHN DOE No. 3, individually and in his/her
capacity as a City of Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202

JOHN DOE No. 4, individually and in his/her
capacity as a City of Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202

JOHN DOE No. 5, individually and in his/her
capacity as a City of Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202

JOHN DOE No. 6, individually and in his/her
capacity as a City of Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202

JOHN DOE No. 7, individually and in his/her
capacity as a City of Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202

BAIL SHOP, LLC
760 Cumberland Street
Lebanon, PA 17042

AGENT D. WHITE, individually and in his
capacity as a bail recovery agent for
Bail Shop, LLC
760 Cumberland Street
Lebanon, PA 17042

JOHN DOE No. 8, individually and in his/her
capacity as a bail recovery agent for
Bail Shop, LLC
760 Cumberland Street
Lebanon, PA 17042

2

FINANCIAL CASUALTY & SURETY, INC.
3131 Eastside Street #600
Houston, Texas 77098

COPORATION X, a bail bond service company
organized and existing under the laws of the
State of New York,

          Defendants.

Plaintiffs, Jake M. Reinhardt, Taylor M. Schmieder, Kevin R. Harrington, Casey E. Carminati, and Krystyna Kimbrell (collectively referred to as "Plaintiffs") by their attorneys, Rupp Baase Pfalzgraf Cunningham LLC, as and for their verified complaint against Defendants, the City of Buffalo, Byron Lockwood, John Does 1-7, individually and in their capacity as a City of Buffalo police officers, Bail Shop, LLC, Agent D. White, John Doe No. 8, individually and in his/her capacity as a bail recovery agent for Bail Shop, LLC, Financial Casualty & Surety, Inc., and Corporation X (collectively referred to as "Defendants"), hereby allege as follows:

## PRELIMINARY STATEMENT

1. On January 9, 2021 and again on January 10-11, bail recovery agents from Pennsylvania — accompanied, aided, assisted, and abetted by City of Buffalo Police acting in the course of their employment by the City of Buffalo — burst into Plaintiffs' homes located at 1329 Clinton Street and 31 Oakdale Place in the City of Buffalo at gunpoint and engaged in a violent, terrifying, warrantless searched of the premises while trying to locate an alleged bond-jumper who was not present and did not reside at either address. The Defendants conspired to and did unlawfully enter and search the Plaintiffs' homes armed with drawn firearms, terrorizing

Plaintiffs and their young children and placing them in fear for their lives by holding them hostage in their own homes.  By way of this action, Plaintiffs seek damages and the vindication of their rights under the United States Constitution.

## JURISDICTION AND VENUE

2.      This action is brought under 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

3.      Plaintiffs further invoke this Court's pendent jurisdiction, pursuant to 28 U.S.C. § 1367(a), over all state law claims and as against parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of New York because the events forming the basis of Plaintiffs' verified complaint occurred in this District.

## PARTIES

5.    At all times relevant to this action, Plaintiff Jake M. Reinhardt was and is a resident of Erie County, New York, and was at all times relevant herein residing with his family in the lower apartment at 31 Oakdale Place, Buffalo, New York 14210.

6.    At all times relevant to this action, Plaintiff Taylor M. Schmieder was and is a resident of Erie County, New York, and was at all times relevant herein residing with her family in the lower apartment at 31 Oakdale Place, Buffalo, New York 14210.

7.    At all times relevant to this action, Plaintiff Kevin R. Harrington was and is a resident of Erie County, New York, and was at all times relevant herein residing with his family in the upper apartment at 31 Oakdale Place, Buffalo, New York 14210.

8.    At all times relevant to this action, Plaintiff Casey E. Carminati was and is a resident of Erie County, New York, and was at all times relevant herein residing with her family in the upper apartment at 31 Oakdale Place, Buffalo, New York 14210.

9.    At all times relevant to this action, Plaintiff Krystyna Kimbrell was and is a resident of Erie County, New York, and was at all times relevant herein residing at 1329 Clinton Street, Buffalo, New York 14206.

10.    Defendant, the City of Buffalo, was and is a municipal corporation duly organized and existing under the laws of the State of New York and has a business address at City Hall, 65 Niagara Square, Buffalo, New York 14202.

11.    At all times hereinafter mentioned, the City of Buffalo has operated and continues to operate a municipal police department under the command of Defendant Police Commissioner Byron Lockwood.

5

12.     Defendant, the City of Buffalo, through its Common Council, City Counsel, and their officers, agents, servants, employees, and/or their specialized units, promulgate, implement, review, and/or enforce, as policymakers, certain policies regarding the conduct and actions of police officers employed by the City of Buffalo, including Defendants Byron Lockwood and John Does 1-7.

13.     Defendant Byron Lockwood was and is a resident of the County of Erie and State of New York and is the current Police Commissioner of the Buffalo Police Department.  Defendant Lockwood is employed by the City of Buffalo and was, at all times hereinafter mentioned, acting within the scope of his employment and official capacity as the Police Commissioner of the City of Buffalo.

14.     As the Police Commissioner for the City of Buffalo, Defendant Lockwood was and is responsible for the hiring, training, supervision, discipline, and conduct of the Defendant officers, and is further responsible for setting, reviewing, and/or enforcing the policies and regulations of the Buffalo Police Department.  Defendant Lockwood also was and is responsible for ensuring that the City of Buffalo Police Officers obey and enforce the laws of the State of New York and the United States of America.

15.     Upon information and belief, at all relevant times, Defendant Lockwood was a policymaker for the Buffalo Police Department in all matters that are alleged herein and participated in the promulgation of policies and/or customs for the Buffalo Police Department by Defendant the City of Buffalo.  Defendant Lockwood directly was responsible for policy and custom implementation (in whole or in part) at the City of Buffalo Police Department. Defendant Lockwood is being sued in his individual capacity for damages caused by his actions and conduct.

6

16.     Defendant, John Doe No. 1, was and is a resident of the County of Erie, and State of New York.  At all times hereinafter mentioned, he was and is a Police Officer employed by the City of Buffalo and was acting within the scope of his employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit.  Defendant John Doe No. 1 is being sued in his individual capacity for damages caused by his actions and conduct.

17.     Defendant, John Doe No. 2, was and is a resident of the County of Erie, and State of New York.  At all times hereinafter mentioned, he/she was and is a Police Officer employed by the City of Buffalo and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit.  John Doe No. 2 is being sued in his/her individual capacity for damages caused by his/her actions and conduct.

18.     Defendant, John Doe No. 3, was and is a resident of the County of Erie, and State of New York.  At all times hereinafter mentioned, he/she was and is a Police Officer employed by the City of Buffalo and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit.  John Doe No. 3 is being sued in his/her individual capacity for damages caused by his/her actions and conduct.

19.     Defendant, John Doe No. 4, was and is a resident of the County of Erie, and State of New York.  At all times hereinafter mentioned, he/she was and is a Police Officer employed by the City of Buffalo and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit.  John

Doe No. 4 is being sued in his/her individual capacity for damages caused by his/her actions and conduct.

20.     Defendant, John Doe No. 5, was and is a resident of the County of Erie, and State of New York.  At all times hereinafter mentioned, he/she was and is a Police Officer employed by the City of Buffalo and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit.  John Doe No. 5 is being sued in his/her individual capacity for damages caused by his/her actions and conduct.

21.     Defendant, John Doe No. 6, was and is a resident of the County of Erie, and State of New York.  At all times hereinafter mentioned, he/she was and is a Police Officer employed by the City of Buffalo and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit.  John Doe No. 6 is being sued in his/her individual capacity for damages caused by his/her actions and conduct.

22.     Defendant, John Doe No. 7, was and is a resident of the County of Erie, and State of New York.  At all times hereinafter mentioned, he/she was and is a Police Officer employed by the City of Buffalo and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit.  John Doe No. 7 is being sued in his/her individual capacity for damages caused by his/her actions and conduct.

23.     Defendant Bail Shop, LLC ("Bail Shop"), a surety bail bonds-company, is a foreign corporation with its principal place of business located in Lebanon, Pennsylvania. Upon information and belief, Bail Shop is qualified to serve as a bail bondsman within the

8

Commonwealth of Pennsylvania. Bail Shop has purposefully availed itself of and subjected itself to the laws of the State of New York as its bail enforcement agents D. White and John Doe No. 8 committed the acts complained of in Buffalo, New York, as alleged below.

24. Upon information and belief, Agent D. White is a citizen of the Commonwealth of Pennsylvania. Upon further information and belief, Agent D. White is employed as a bail recovery agent employed by Bail Shop. At all times hereinafter mentioned, Agent D. White was acting within the scope of his employment and official capacity as a bail recovery agent for Bail Shop at the time of the incident giving rise to this lawsuit. Agent D. White is being sued in his individual capacity for damages caused by his actions and/or conduct.

25. Upon information and belief, John Doe No. 8 is a citizen of the Commonwealth of Pennsylvania. Upon further information and belief, John Doe No. 8 is a bail recovery agent employed by Bail Shop. At all times hereinafter mentioned, John Doe No. 8 was acting within the scope of his/her employment and official capacity as a bail recovery agent for Bail Shop at the time of the incident giving rise to this lawsuit. Defendant John Doe No. 8 is being sued in his/her individual capacity for damages caused by his/her actions and/or conduct.

26. Financial Casualty & Surety, Inc. ("FCSI") is an insurance company organized and existing under the laws of the State of Texas. Upon information and belief, FCSI issued the bail bond at issue in this case and either directly or indirectly retained hired, retained, and supervised the bail recovery agents named as defendants herein.

27. Corporation X, a surety bail bonds-company, is a domestic corporation organized and existing under the laws of the State of New York. Defendant Corporation X is so named because its real name is unknown at present. Upon information and belief, Defendant

Corporation X either contracted by itself or in conjunction with Bail Shop, LLC, FCSI, and/or one or more of the bail recovery agents named herein, to apprehend Luke Reinhardt and return him to Pennsylvania as set forth in more particularity below.

28.     At all relevant times, Defendants, either personally or through their employees, were acting under the color of law and/or in compliance with the official rules, regulations, laws, statutes, policies, customs, ordinances, usages and/or practices of the private and public corporations named herein.  Defendants' actions and conduct show that they did not, nor could they, reasonably rely upon any existing law to justify their actions and conduct.

## STATEMENT OF FACTS

### Unlawful Armed Intrusion and Search of 31 Oakdale Place (January 10-11, 2021)

29.     Plaintiffs Jake Reinhardt and Taylor Schmieder reside at the premises located at 31 Oakdale Place, Buffalo, New York 14210.

30.     31 Oakdale Place is a two-family home owned in fee by Jake Reinhardt with separate upstairs and downstairs apartments.

31.     Plaintiffs Reinhardt and Schmieder live in the downstairs apartment with their three-year-old daughter.

32.     At the time of the incidents in question, Plaintiff Schmieder was eight months pregnant with the couple's second child.

33.     Plaintiffs Kevin Harrington and Casey Carminati are rent-paying tenants of Jake Reinhardt who reside in the upstairs apartment with their 18-month-old son and their five-year-old daughter.  They are not related to Jake Reinhardt or Luke Reinhardt.

34. In the late hours of January 10, 2021, Plaintiffs Reinhardt, Schmieder, Harrington, and Carminati and their young children all were at home in their respective apartments at 31 Oakdale Place sleeping peacefully in their beds.

35. At or about midnight on Sunday night, January 10-11, 2021, Defendants Agent D. White and John Does 1-8, acting in coordinated fashion in concert with each other in a joint operation, approached 31 Oakdale Place wearing face masks with weapons drawn as well as holstered, attired in police uniforms, jackets, gear, and bulletproof vests.

36. Upon information and belief, the Defendants were looking for an individual named Luke Reinhardt, who apparently had his bond revoked for failure to appear in court in Lebanon, Pennsylvania.

37. Luke Reinhardt is the brother of Plaintiff Jake Reinhardt.

38. Luke Reinhardt never has resided in either apartment of 31 Oakdale Place.

39. The underlying offenses for which Luke Reinhardt was charged, upon information and belief, were misdemeanors for simple assault, retail theft, and driving while operating privileges were suspended or revoked. His bail was set at $5,000 and was secured by a bond issued by defendant FCSI.

40. Upon information and belief, the charges were being prosecuted by the Lebanon County District Attorney's Office, and Luke Reinhardt was scheduled to appear in the Court of Common Pleas of Lebanon County. Upon information and belief, Luke Reinhardt did not appear at the scheduled date and time.

41. On the evening of January 10-11, 2021, Defendants Agent D. White and bail recovery agent John Doe No. 8 walked up the steps to the front porch at 31 Oakdale Place

with weapons drawn.  These weapons are believed to be a shotgun and an A/R-15 semi-automatic rifle.  Both defendants also wore holstered handguns on their hips.

42.     As Defendants Agent D. White and John Doe No. 8 entered the front porch of the residence, they used hand gestures to command to two unidentified Buffalo Police officers to go around to the rear of the premises.  The Buffalo Police officers followed these commands and proceeded down the adjacent driveway to the rear of the premises.

43.     Defendant Agent D. White then grasped the doorknob of the front door, apparently intending to enter the premises uninvited, but found the door to be locked.  Thereafter, after peering in the front windows of the structure, he began loudly pounding on the front door.

44.     Two individuals who, upon information and belief, were Defendants John Doe No. 1 and John Doe No. 2, initially stood on the sidewalk in front of the premises, then climbed the porch steps and stood on the porch, and later entered the premises through the front door in support of the joint operation with the other defendants.

45.     Meanwhile, Defendants John Does 3-7 stood on sidewalk before or the street before 31 Oakdale Place, also assisting in the operation.

46.     The actions of Defendants John Does 1-7 were performed in furtherance of the joint police/private operation with Defendants Agent D. White, John Doe No. 8, and the other Defendants.

47.     At approximately midnight on the evening of January 10-11, 2021, Plaintiffs Reinhardt, Schmieder, Harrington, and Carminati were startled from their sleep by a loud pounding on the front door of 31 Oakdale Place caused by Defendant Agent D. White.

48. Defendant Agent D. White then loudly and forcefully told the residents at 31 Oakdale Place to "Open it up or we're (sic) kick it in!"

49. Plaintiff Reinhardt cautiously approached the front door from the inside of the apartment and asked from behind the closed front door "Who's that?"

50. Defendant Agent D. White then immediately raised his shotgun and repeated "Open up or we're (sic) kick it in."

51. Plaintiff Reinhardt repeated his question again: "Who is that?"

52. Defendant Agent D. White forcefully repeated his command: "Come down. Open the door."

53. Defendant John Doe No. 8 told Defendant Agent D. White "He's in the window."

54. Defendant Agent D. White loudly and forcefully repeated his command: "Open the door, now!"

55. Having seen uniformed officers from the Buffalo Police department on and near his property, Plaintiff Reinhardt thought that it would be safe for him to open his door. In so doing, he did not intend to allow or give consent for anyone to enter his property. He cautiously opened the front door and told Defendants: "My hands are up, man."

56. Defendant Agent D. White and bail recovery agent John Doe No. 8 then stood in front of the front door and raised their shotguns pointing them at Mr. Reinhardt as he opened the door.

57. The Defendants then forced Mr. Reinhardt out of his home at gunpoint. Mr. Reinhardt was shirtless and shoeless in the middle of winter on a cold January night. City of

Buffalo Police Officers John Does 1-7 fully participated in and lent support to this the activity, and also failed to intervene and prevent it.

58.    At no time did any of the defendant present a warrant allowing them to conduct an armed search of the premises.

59.    Defendant Agent D. White asked Mr. Reinhardt for his name.

60.    Mr. Reinhardt responded: "Jake Reinhardt."

61.    Mr. Reinhardt at this point had a shotgun pointed directly at him and was in fear for his life.  He asked Defendant Agent D. White and bail recovery agent John Doe No. 8 "Why do you have a gun drawn? Please put that gun down."

62.    Defendant Agent D. White then asked Mr. Reinhardt "Where is Luke?"

63.    Mr. Reinhardt responded: "Luke is not here.  I have a three-year old daughter in there.  You have a gun drawn on me right now.  Luke does not reside here, man."

64.    Mr. Reinhardt then repeated: "Luke is not here."

65.    Defendant Agent D. White and Defendant bail recovery agent John Doe No. 8 were attired in gear designed to make them look like police officers.  At least one of them was wearing a jacket with the logo "United States Fugitive Task Force" on the back that also sported a shield emblem resembling a police badge or shield.

66.    Upon information and belief, however, Defendant Agent D. White and bail recovery agents John Doe No. 8 were impersonating law enforcement personnel and were additionally working in concert with uniformed officers from the Buffalo Police Department to make their illegal actions appear official.

67.    Without, displaying a warrant, without warning, and without consent or any other form of permission from Plaintiffs Reinhardt, Schmieder, Harrington, or Carminati or

14

their infant- and toddler-aged children, Defendant Agent D. White and John Doe No. 8 entered the residence at 31 Oakdale Place and began to search the premises.

68. Upon information and belief, none of the defendants had a lawful warrant issued by a judicial officer to enter or search the premises located at 31 Oakdale Place, Buffalo, New York 14210.

69. As Defendant Agent D. White was entering the home, he told Mr. Reinhardt "Don't Move!" Defendant John Doe No. 8 then pointed his weapon at Mr. Reinhardt while Defendant Agent D. White told him not to move.

70. As Defendant Agent D. White was entering the home, Mr. Reinhardt told the Defendants "Listen, my three-year old daughter is in there, my wife is in the back room sleeping." Mr. Reinhardt then repeated "Please put that gun down. You're pointing that gun at me. Please put the gun down. Please put the barrel of the gun down."

71. Defendant Agent D. White coldly told Mr. Reinhardt: "Secure your family."

72. Mr. Reinhardt started to walk into the home and then asked Defendant Agent D. White "Do you have a search warrant for this house?"

73. Defendant Agent D. White responded: "Yes I do."

74. Mr. Reinhardt asked Defendant Agent D. White to see the search warrant, and Defendant Agent D. White responded: "You will see it soon."

75. Defendant Agent D. White then asked Mr. Reinhardt repeatedly if he had any weapons. Apparently dissatisfied with the response he received, he ordered Mr. Reinhardt to exit the house once again. Mr. Reinhardt remained shirtless and shoeless in the cold, outdoor air.

15

76.     Defendant John Doe No. 8 followed Defendant Agent D. White into the residence at 31 Oakdale Place.

77.     Defendants John Doe No. 1 and John Doe No. 2 walked up the front steps, stepped onto the front porch, and then crossed the threshold of the front door at 31 Oakdale Place, entering the premises without a search warrant.

78.     While being held at gunpoint, Mr. Reinhardt asked the Buffalo Police officers for help.  "Are you Buffalo?  You guys are letting this happen?"

79.     Mr. Reinhardt's three-year-old daughter woke up during the armed intrusion and began to cry.

80.     Mr. Reinhardt told Defendant City of Buffalo police officers John Doe No. 1 and John Doe No. 2 to "Get off my property!" and "Show me your search warrant!"

81.     Over the course of the armed intrusion, Defendant Agent D. White and bail recovery agent John Doe No. 8 entered the home through the front and back door at 31 Oakdale Place and searched the home with flashlights and guns drawn.  Buffalo Police officers similarly entered the home through the front and back doors, further participating in the joint operation.

82.     Defendants Agent D. White and bail recovery agent John Doe No. 8 encountered Mr. Reinhardt's pregnant fiancé, Plaintiff Taylor Schmieder, in the apartment holding their three-year old daughter in her arms.

83.     Upon information and belief, Defendants Agent D. White and bail recovery agent John Doe No. 8 were startled when they encountered Plaintiff Schmieder, although Mr. Reinhardt had informed them that his wife and three-year old daughter were together in the back of the apartment.

16

84.     Defendants Agent D. White and John Doe No. 8 pointed their weapons and flashlights at Plaintiff Schmieder and ordered her to put down her three-year old daughter down and put her hands up.

85.     Plaintiff Schmieder and her three-year old daughter were held at gun point without Defendant Agent D. White, Defendant John Doe No. 8, or any of the other defendants identifying themselves as law enforcement officers or producing a search warrant as requested and demanded by Plaintiff Reinhardt.

86.     Defendants Agent D. White and John Doe No. 8 illegally searched the entire lower apartment at gunpoint looking for Luke Reinhardt, an individual who did not and never had lived at 31 Oakdale Place.  Previously, Defendant Agent D. White had been told by Jake Reinhardt that Luke Reinhardt did not reside with him and his family at 31 Oakdale Place.

87.     Defendants Agent D. White John Doe No. 8 did not have probable cause to believe that Luke Reinhardt was at the premises, did not have a search warrant to search 31 Oakdale Place, and did not receive consent from Plaintiffs Reinhardt, Schmieder, Harrington, or Carminati or their young children to search the premises.

88.     Defendants Agent D. White and John Doe No. 8 brandished firearms and held Plaintiffs Reinhardt, Schmieder, Harrington, and Carminati at gunpoint so that they could question Plaintiffs Reinhardt, Schmieder, Harrington, and Carminati at gunpoint about Luke Reinhardt's whereabouts.

89.     Defendants Agent D. White and John Doe No. 8 questioned Mr. Reinhardt's eight-months pregnant fiancé at gunpoint.

90.     Mr. Reinhardt suffered great emotional and psychological distress as he watched his fiancé and three-year old daughter crying in fear while being held at gunpoint.

17

91.     Mr. Reinhardt repeatedly demanded that Defendants Agent D. White, John Does 1-8, and other defendants leave the premises, but they refused to depart.

92.     Despite knowing that the upstairs residence was an entirely separate home occupied by Plaintiffs Harrington and Carminati, two individuals with no relation to Luke Reinhardt, Defendants Agent D. White and John Doe No. 8 broke the door to the upstairs apartment and proceeded to search the upstairs apartment for Luke Reinhardt.

93.     The baby monitor in the upstairs apartment captured Defendants Agent D. White and John Doe No. 8 searching their child's room with flashlights and guns drawn. Because bail recovery agents held flashlights along the barrels of their long guns, when they pointed the flashing at the five-year-old daughter of Plaintiffs Harrington and Carminati, the weapon was pointed directly at the child.

94.     While Defendants Agent D. White and John Doe No. 8 were searching the home, Defendants John Doe No. 1 and John Doe No. 2 stood on the front porch, failing to intervene or stop the violent intrusion into the Plaintiffs' apartments. Eventually, Buffalo Police officers entered the home in furtherance of the operation, also without probable cause and without a warrant.

95.     Although willingly participating in a joint operation with Defendants Agent D. White and John Doe No. 8, Defendant City of Buffalo police officers John Doe No. 1 and John Doe No. 2 said to each other "I don't even know what agency they are part of" and "Me, neither.  I think they're from PA."

96.     None of the Buffalo Police officers on scene, including Defendant John Does 1-7, intervened when Plaintiff Reinhardt asked to see a search warrant and ordered the

18

Defendants to leave the premises. Defendants John Does 1-7 continued to assist, aid, and abet the joint operation throughout the armed intrusion.

97.     After they had finished intruding, damaging, and searching the premises, Defendants Agent D. White John Doe No. 8 exited the premises through the front door.

98.     As they exited, Mr. Reinhardt reiterated his demand to see a warrant.

99.     Defendant Agent D. White informed Mr. Reinhardt: "When I get to the car, I'll give it to you."

100.    Mr. Reinhardt continued to tell Defendant Agent D. White that he wanted to see a search warrant as Defendant Agent D. White and John Does 1-7 started to walk away. Mr. Reinhardt told Defendant Agent D. White: "Don't go anywhere without showing me a warrant."

101.    Mr. Reinhardt walked down the front steps of his porch towards Defendant Agent D. White and John Does 1-7.

102.    Defendant John Does 1-7 ignored Plaintiff Reinhardt's demand for a warrant.

103.    Instead, the Defendants told Mr. Reinhardt "not to walk up on them" as if he were the one engaging in the criminal activity.

104.    Not one of the Defendants showed Mr. Reinhardt a search warrant. Instead, upon information and belief, they showed him a bail bond contract signed by Luke Reinhardt in Pennsylvania.

105.    Jake Reinhardt previously had informed Defendant Agent D. White that Luke Reinhardt did not live at 31 Oakdale Place and that he was not present there.

106.   Defendants John Does 1-7 failed to arrest Defendant Agent D. White and/or John Doe No. 8 when it became clear that they did not have a warrant, thus endorsing, aiding, contributing to, participating in, and perpetuating the illegal actions of those Defendants.

107.   After the Defendants left, Plaintiffs Reinhardt, Schmieder, Harrington, and Carminati tried to comfort their children and go back to bed and sleep as the next day was a workday.

108.   However, Plaintiffs Reinhardt, Schmieder, Harrington, and Carminati were too upset and shocked by the events that took place and could not fall back asleep.

**Unlawful Armed Intrusion and Search of 1329 Clinton Street (January 9, 2021)**

109.   On Saturday, January 9, 2021, Defendants approached the premises at 1329 Clinton Street, Buffalo, New York 14206 in search of Luke Reinhardt.

110.   Plaintiff Krystyna Kimbrell resides in the premises located at 1329 Clinton Street, Buffalo, New York 14206.

111.   Plaintiff Krystyna Kimbrell is the mother of Luke Reinhardt.

112.   Like the incident of January 10-11, 2021, while armed, the defendants illegally gained access to and searched the premises at 1329 Clinton Street, Buffalo, New York 14206 without probable cause, without a search warrant, and without obtaining consent or permission from Plaintiff Krystyna Kimbrell.

113.   Defendant Agent D. White and Defendant bail recovery agent John Doe No. 8 were attired in gear designed to make them look like police officers. At least one of them

20

was wearing a jacket with the logo "United States Fugitive Task Force" on the back that also sported a shield emblem in the nature of a police badge or shield.

114.   Upon information and belief, however, Defendant Agent D. White and bail recovery agents John Doe No. 8 were impersonating law enforcement personnel and were additionally working in concert with uniformed officers from the Buffalo Police Department to make their illegal actions appear official.

115.   Without, displaying a warrant, without warning, and without consent or any other form of permission Krystyna Kimbrell, Defendants Agent D. White and John Doe No. 8 entered the residence at 1329 Clinton Street and searched the premises.

116.   Upon information and belief, none of the defendants had a lawful warrant issued by a judicial officer to enter or search the premises located at 1329 Clinton Street.

117.   Luke Reinhardt was not present before or during the search, as he did not reside at 1329 Clinton Street, Buffalo, New York 14206.

118.   Defendants had no probable cause to believe that Luke Reinhardt lived or was staying at 1329 Clinton Street when they planned and engaged in their search.

### Additional Factual Allegations

119.   Apparently still believing that the Plaintiffs were lying about Luke Reinhardt's whereabouts, the Defendants continued to terrorize and harass the Plaintiffs after the armed intrusions into their homes.

120.   Defendants, upon information and belief, Defendant Agent D. White, stalked Plaintiff Schmieder the next morning when she left the home to go get a coffee.

21

121.    Plaintiffs followed the Defendants' vehicle.  Defendants fled when they were discovered.

122.    Plaintiffs have not been contacted by FCSI, Bail Shop, LLC, or Corporation X since the incidents in question.

123.    Defendant City of Buffalo police officers John Does 1-7 participated in and failed to intervene in and stop the unlawful entry and search of Plaintiffs' homes.

124.    The aforesaid conduct was part of a preexisting agreement and conspiracy between and among the Defendants to intrude in the Plaintiffs' homes without probable cause and without search warrants.  All the individuals acted under color of state law.

125.    Acting under the color of law and pursuant to official policy or custom, Defendants John Does 1-7 knowingly or with deliberate indifference to Plaintiffs' rights, failed to instruct, supervise, control, and discipline Defendant Agent D. White and bail recovery agents John Doe No. 8 who entered Plaintiffs' homes without probable cause, without a search warrant, and without consent from any of the Plaintiffs.

126.    Defendants John Does 1-7 had knowledge or should have known that the search of Plaintiffs' homes was illegal and a violation of Plaintiffs' rights under the Fourth Amendment.

127.    Defendants City of Buffalo police officer Defendants John Does 1-7 had the power and ability to prevent or aid in preventing the violation of Plaintiffs' Fourth Amendment rights or could have done so if they were reasonably diligent.

128.    Defendants City of Buffalo police officer Defendants John Does 1-7 approved and ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of

Defendant Agent D. White and bail recovery agents John Doe No. 8 described above by failing to demand that they provide a search warrant before entering the premises.

129.   Defendants the City of Buffalo and Byron Lockwood failed properly to screen, supervise, and train Defendants John Does Nos. 1-7 concerning the protections and rights under the Fourth Amendment, and failed to instruct Defendant City of Buffalo police officers Defendants John Does Nos. 1-7 regarding their authority and duty to protect the constitutional rights of City of Buffalo citizens.

130.   Defendants the City of Buffalo and Byron Lockwood knew or should have known that searches and seizures would be part of the job activities of Defendant City of Buffalo police officers Defendants John Does Nos. 1-7, yet, upon information and belief, failed to instruct, guide, train, or supervise them.

131.   Defendants City of Buffalo and Byron Lockwood maintained a policy or custom and practice that provide Buffalo Police assistance to bail recovery agents and allowed bail recovery agents to direct, coordinate, and perform searches of homes in the City of Buffalo for alleged bond-jumpers and forcibly return them to other jurisdictions.

132.   Said policy or custom maintained by the City of Buffalo and Byron Lockwood demonstrated a deliberate indifference to the rights of citizens in the City of Buffalo.

133.   The City of Buffalo and Byron Lockwood knew, or with reasonable diligence should have known, that the lack of regulations and oversight for individual bail recovery agents from New York and elsewhere made the individuals dangerous and likely to violate the rights of City of Buffalo citizens.

134.    The City of Buffalo and Byron Lockwood, however, have and continue to allow individual bail recovery agents from New York and elsewhere to coordinate, direct, and perform searches of the homes and properties of City of Buffalo citizens.

135.    By allowing bail recovery agents from New York and elsewhere to coordinate, direct, and perform searches for alleged bond-jumpers in the City of Buffalo, Defendants the City of Buffalo and Byron Lockwood have and continue to place the citizens of the City of Buffalo in grave danger.

136.    Defendants Bail Shop, LLC, FCSI, and Corporation X failed properly to screen, supervise, and train Defendants Agent D. White and John Doe No. 8 regarding the protections and rights United States citizens enjoy under the Fourth Amendment.

137.    Defendants Bail Shop, LLC, FCSI, and Corporation X knew or should have known that searches and seizures would be part of the job activities of Defendants Agent D. White and John Doe No. 8, yet, upon information and belief failed to instruct, guide, train, or supervise them.

138.    Following the incident, Plaintiffs made reports to the City of Buffalo Police Department to report the criminal and illegal actions of the Defendants.

139.    To date, the City of Buffalo Police Department has interviewed Mr. Reinhardt and some of the other plaintiffs but appears to have taken no further action.  No criminal charges have been filed against any of the Defendants.

140.    Upon information and belief, at this time, the official position of the City of Buffalo Police Department through its official spokesman is that its officers who aided and abetted the federal crimes and home invasion of Plaintiffs' homes were not at fault and should face no discipline or retraining.

24

141. The City of Buffalo thereby has ratified the actions and omissions of its officers as well as the bail recovery agents who committed crimes and civil torts within the City of Buffalo.

142. Plaintiffs suffered tremendous fear, humiliation, extreme emotional and psychological distress, embarrassment, violations of privacy and loss of liberty, as well as violations of their civil and constitutional rights under the laws of the United States and State of New York as a result of the defendants' conduct and omissions.

143. Plaintiffs suffered property damage as a result of defendants' unlawful entry and search, including but not limited to the destruction and damage to the door leading to the upstairs residence at 31 Oakdale Place.

144. Plaintiffs now live in constant fear that bail recovery agents and law enforcement officers could again illegally enter their home and hold them at gun point as prisoners in their home.

145. This fear has caused the Plaintiffs severe emotional and psychological distress.

146. As a direct and proximate result of defendants' conduct, Plaintiffs have been compelled to retain the services of counsel to protect and enforce their rights, and therefore, Plaintiffs have incurred and continue to incur attorneys' fees, expert fees, and costs for which Plaintiffs are entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. § 1988.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

## Unreasonable Search and Seizure Under 42 U.S.C. § 1983 Against All Defendants

147.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 146 of this verified complaint as if fully set forth herein.

148.    At all relevant times, Plaintiffs enjoyed and possessed a right under the Fourth and Fourteenth Amendment of the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in their person, home, personal effects, and property.

149.    As described above, the defendants unlawfully and unreasonably entered and searched Plaintiffs and their home and property, without lawful authority in the form of probable cause or a validly issued judicial search warrant naming Plaintiffs or their homes.

150.    Upon information and belief, Defendant Agent D. White and Defendant bail recovery agent John Doe No. 8 met with Defendants City of Buffalo police officer Defendants John Does 1-7, and/or the supervisors of City of Buffalo police officers Defendants John Does 1-7 before the intrusion into Plaintiffs' homes and discussed who the bail recovery agents were looking for and where they were searching.

151.    Upon information and belief, Defendants City of Buffalo police officer Defendants John Does 1-7 knew, or with reasonable diligence should have known, that the bail recovery agents did not have a valid search warrant or other legal authority to enter the Plaintiffs' homes.

26

152.    The defendants forcefully entered into Plaintiffs' home, searched their home and property, and damaged or destroyed Plaintiffs' property.

153.    The defendants continued to search Plaintiffs' homes and damaged Plaintiffs' property without lawful authority.

154.    As a direct and proximate result of the defendants' unlawful actions as alleged herein, defendants deprived Plaintiffs of their rights under the Fourth and Fourteenth Amendment to be free from unreasonable search and seizure.

155.    Defendants' conduct was outrageous, intentional, and malicious, or at the very least grossly negligent, exhibiting a reckless disregard and deliberate indifference for Plaintiffs' rights.

156.    The defendants' initial entry into Plaintiffs' home as well as defendants' subsequent search and seizure of Plaintiffs' home and property was not otherwise privileged and was performed in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

157.    As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

158.    The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

### False Imprisonment under 42 U.S.C. § 1983 Against All Defendants

159. Plaintiffs incorporate the allegations contained in paragraphs 1 through 158 of this verified complaint as if fully set forth herein.

160. Defendants are liable pursuant to 42 U.S.C. § 1983 for objectively unreasonably seizing Plaintiffs during the search of their homes in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

161. Defendants were acting under the color of law when Plaintiffs were unreasonably seized.

162. Defendants deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

163. Defendants confined Plaintiffs when they held them at gun point while searching and questioning the Plaintiffs.

164. Plaintiffs were aware of the confinement by defendants and repeatedly advised the defendants that they did not consent to the confinement.

165. The confinement by the defendants was not otherwise privileged and was performed in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

166. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

167. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

### Excessive Force Under 42 U.S.C. § 1983 Against All Defendants

168. Plaintiffs incorporate the allegations contained in paragraphs 1 through 167 of this verified complaint as if fully set forth herein.

169. Based upon the aforesaid conduct, defendants illegally used excessive force under the circumstances against Plaintiffs in violation of their Fourth Amendment right to be secure in his person from unreasonable seizures.

170. Defendants touched and caused Plaintiffs to be touched in a harmful and offensive manner.

171. Defendants' actions placed Plaintiffs in apprehension of imminent harmful and offensive bodily contact.

172. Defendants did so without privilege or consent from Plaintiffs.

173. Defendants conduct under the circumstances was an excessive use of force on Plaintiffs which a reasonable officer in their position would not have used under the circumstances.

174. As a result of defendants' conduct, Plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

175. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

176. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

### Failure to Intervene Under 42 U.S.C. § 1983 Against All Defendants

177. Plaintiffs incorporate the allegations contained in paragraphs 1 through 176 of this verified complaint as if fully set forth herein.

178. The defendants failed to take reasonable steps to prevent other officers from engaging in the illegal acts alleged herein, though they were present at the scene of such violations and were capable of doing so.

179. The defendants' actions violated Plaintiffs' Constitutionally-protected rights under the Fourth and Fourteenth Amendments.

180. The defendants knew, or reasonably should have known, that their conduct violated Plaintiffs' clearly established Constitutionally-protected rights.

181. The defendants acted with intent to violate, or with deliberate or reckless indifference to, Plaintiffs' clearly established rights under the Fourth and Fourteenth Amendment.

182. At all times relevant herein, the defendants were acting under the color of state or federal law.

183. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

184. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

#### Conspiracy to Violate Plaintiffs' Constitutional Rights Under 42 U.S.C. § 1983 Against All Defendants

185. Plaintiffs incorporate the allegations contained in paragraphs 1 through 184 of this verified complaint as if fully set forth herein.

186. By and through the actions described above, defendants, acting under the color of state law, conspired to deprive Plaintiffs of their constitutional rights, in violation of 42 U.S.C. § 1983 and their Fourth and Fourteenth Amendment as guaranteed by the United States Constitution.

187. Defendants conspired amongst themselves to illegally enter and search Plaintiffs' homes.

188. Defendants agreed to deprive Plaintiffs of their constitutional rights and deprived them of their constitutional rights by illegally entering and searching Plaintiffs' home and then intimidate Plaintiffs with force, threats of violence, and continuous harassment thereby

31

causing Plaintiffs physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

189.    As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

190.    The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## SIXTH CLAIM FOR RELIEF

### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

**Policy, Custom, and Practice of Defendants and Failure to Supervise and Train under 42 U.S.C. § 1983 Against The City of Buffalo and Byron Lockwood**

191.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 190 of this verified complaint as if fully set forth herein.

192.    Prior to January 9, 2021, defendants developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in the City of Buffalo, which caused the violation of Plaintiffs' rights.

193.    At all relevant times, defendants, the City of Buffalo and Police Commissioner Byron Lockwood were aware that Officer John Doe No. 1 and Officer John Doe No. 2 were inadequately trained regarding the Fourth and Fourteenth Amendment, yet defendants, the City of Buffalo and Police Commissioner Byron Lockwood maintained a policy

32

or custom of failing to provide Officer John Doe No. 1 and John Doe No. 2 training on the Fourth and Fourteenth Amendment or adequate supervision.

194.   It was the policy, custom, or both of defendants the City of Buffalo and Police Commissioner Byron Lockwood to inadequately supervise and train its police officers, including Officers John Doe No. 1 and John Doe No. 2, thereby failing to prevent the constitutional violations against Plaintiffs.

195.   Defendants failed to properly screen its officers and retained officers who have a history of inappropriate and unlawful acts, and defendants have failed to properly train and supervise members of the City of Buffalo Police Department, and failed to provide proper procedures and policies of the Department, including (i) procedure to determine when officers have probable cause to enter an individual's home; (ii) procedure to announce an officer's presence when an officer seeks to enter an individual's home; (iii) procedure to enter an individual's home once an officer determines there is probable cause to enter the home; (iv) procedure to not enter an individual's home once an officer determines there is no probable cause to enter the home and an individual in the home tells the officer they cannot enter without a warrant; (v) procedure for the use of force or threat to use force by officers when seizing an individual; (vi) procedure for waiting for a properly obtained search warrant before searching and seizing an individual and his home; and (vii) procedure for investigating an individual's claim that officers and bounty hunters illegally entered his or her home, illegally searched and seized him, and unlawfully was threatened with physical violence while in the custody of the defendants.

196.   Defendants the City of Buffalo and Police Commissioner Byron Lockwood's policies, customs, and practices demonstrate a deliberate indifference to the

33

constitutional rights of persons within the City of Buffalo and caused the violation of Plaintiffs' rights alleged herein.

197.   Defendants the City of Buffalo and Police Commissioner Byron Lockwood ratified and acquiesced in the unlawful conduct of the other defendants herein, as evidenced by their failure to discipline the other defendants, and by their refusal to investigate the underlying illegal entry and search of Plaintiffs' homes.

198.   The City of Buffalo and Byron Lockwood further developed and maintained policies, customs, and practices that allow individual bail recovery agents from New York and elsewhere to coordinate, direct, and perform searches of the homes and properties of City of Buffalo citizens.

199.   The City of Buffalo and Byron Lockwood knew, or with reasonable diligence should have known, that the lack of regulations and oversight for individual bail recovery agents from New York and elsewhere made the individuals dangerous and likely to violate the rights of City of Buffalo citizens.

200.   The City of Buffalo and Byron Lockwood, however, have and continue to allow individual bail recovery agents from New York and elsewhere to coordinate, direct, and perform searches of the homes and properties of City of Buffalo citizens.

201.   By allowing bail recovery agents from New York and elsewhere to coordinate, direct, and perform searches for alleged bond-jumpers in the City of Buffalo, Defendants the City of Buffalo and Byron Lockwood have and continue to place the citizens of the City of Buffalo in grave danger.

202.   As a direct and proximate result of the defendants' policies, customs, and practices, Plaintiffs were damaged and injured in an amount to be determined at trial.

34

203. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## SEVENTH CLAIM FOR RELIEF

## TRESPASS

**Trespass Against Bail Shop, LLC, Defendant Agent D. White, John Doe No. 8 in his/her capacity as a bail recovery agent for Bail Shop, LLC, Financial Casualty & Surety, Inc., and Corporation X**

204. Plaintiffs incorporate the allegations contained in paragraphs 1 through 203 of this verified complaint as if fully set forth herein.

205. As described above, the defendants unlawfully and unreasonably entered and searched Plaintiffs' homes, personal effects, and property, without lawful authority in the form of probable cause or a validly issued judicial search warrant or writ naming Plaintiffs or their homes.

206. In addition to violating Plaintiffs' Constitutionally-protected rights, the defendants trespassed upon Plaintiffs' homes on January 9, 10-11, 2021.

207. The defendants forcefully entered into Plaintiffs' homes, searched their homes and property, and damaged Plaintiffs' property.

208. The defendants continued to search Plaintiffs' homes and property and damaged Plaintiffs' property and homes without lawful authority.

209. The conduct of Defendants White and bail recovery agents John Doe(s) alleged herein occurred while they were on duty and in uniform, in and during the course and scope of his duties and functions as a bail recovery agent for Bail Shop, LLC, Corporation X,

and/or FCSI, under the direction of Bail Shop, LLC, Corporation X, and/or FCSI, and while they were acting as an agent, officer, servant and employee of Bail Shop, LLC, Corporation X, and/or FCSI.  As a result, Defendants Bail Shop, LLC, Corporation X, and FCSI are liable to Plaintiffs pursuant to the state common law doctrine of respondeat superior.

210.    As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

211.    The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## EIGHTH CLAIM FOR RELIEF

### FALSE IMPRISONMENT

**Against Bail Shop, LLC, Defendant Agent D. White, John Doe No. 8 in his/her capacity as a bail recovery agent for Bail Shop, LLC, Financial Casualty & Surety, Inc., and Corporation X**

212.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 211 of this verified complaint as if fully set forth herein.

213.    Defendants intentionally and illegally seized Plaintiffs.

214.    Plaintiffs were conscious of the seizure.

215.    Plaintiffs were seized and confined without probable cause, privilege, or consent.

216.    Defendants knew, or should have known, Plaintiffs had not broken any law and that there was no probable cause or basis whatsoever in seizing the Plaintiffs.

36

217.     Defendants, through any investigation or due diligence, would have, and should have, known that they had no lawful authority to seize the Plaintiffs.

218.     As a result of the defendants' actions and conduct, Plaintiffs' freedom, liberty, and civil rights were denied, and they were detained and imprisoned against their will and without any good faith basis, reasonable suspicion, or probable cause.

219.     The conduct of Defendants White and bail recovery agent John Doe No. 8 alleged herein occurred while they were on duty and in uniform, in and during the course and scope of his duties and functions as a bail recovery agent for Bail Shop, LLC, Corporation X, and/or FCSI, under the direction of Bail Shop, LLC, Corporation X, and/or FCSI, and while they were acting as an agent, officer, servant and employee of Bail Shop, LLC, Corporation X, and/or FCSI.  As a result, Defendants Bail Shop, LLC, Corporation X, and FCSI are liable to Plaintiffs pursuant to the state common law doctrine of respondeat superior.

220.     As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

221.     The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## NINTH CLAIM FOR RELIEF

### ASSAULT

**Against Bail Shop, LLC, Defendant Agent D. White, John Doe No. 8 in his/her capacity as a bail recovery agent for Bail Shop, LLC, Financial Casualty & Surety, Inc., and Corporation X**

222.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 221 of this verified complaint as if fully set forth herein.

223.    Defendants' actions placed Plaintiffs in apprehension of imminent harmful and offensive bodily contact.

224.    As a result of the defendants' conduct, Plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

225.    The conduct of Defendants White and bail recovery agent John Doe No. 8 alleged herein occurred while they were on duty and in uniform, in and during the course and scope of his duties and functions as a bail recovery agent for Bail Shop, LLC, Corporation X, and/or FCSI, under the direction of Bail Shop, LLC, Corporation X, and/or FCSI, and while they were acting as an agent, officer, servant and employee of Bail Shop, LLC, Corporation X, and/or FCSI.  As a result, Defendants Bail Shop, LLC, Corporation X, and FCSI are liable to Plaintiffs pursuant to the state common law doctrine of respondeat superior.

226.    As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

227.    The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

38

## TENTH CLAIM FOR RELIEF

### BATTERY

**Against Bail Shop, LLC, Defendant Agent D. White, John Doe No. 8 in his/her capacity as a bail recovery agent for Bail Shop, LLC, Financial Casualty & Surety, Inc., and Corporation X**

228.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 227 of this verified complaint as if fully set forth herein.

229.    Defendants touched and caused Plaintiffs to be touched in a harmful and offensive manner.

230.    Defendants did so without privilege or consent from Plaintiffs.

231.    As a result of defendants' conduct, Plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

232.    The conduct of Defendants White and bail recovery agent John Doe No. 8 alleged herein occurred while they were on duty and in uniform, in and during the course and scope of his duties and functions as a bail recovery agent for Bail Shop, LLC, Corporation X, and/or FCSI, under the direction of Bail Shop, LLC, Corporation X, and/or FCSI, and while they were acting as an agent, officer, servant and employee of Bail Shop, LLC, Corporation X, and/or FCSI.  As a result, Defendants Bail Shop, LLC, Corporation X, and FCSI are liable to Plaintiffs pursuant to the state common law doctrine of respondeat superior.

233.    As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

234.    The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## ELEVENTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Against Bail Shop, LLC, Defendant Agent D. White, John Doe No. 8 in his/her capacity as a bail recovery agent for Bail Shop, LLC, Financial Casualty & Surety, Inc., and Corporation X

235.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 234 of this verified complaint as if fully set forth herein.

236.    Defendants' conduct, in illegally entering Plaintiffs' homes, and holding them at gun point from close range questioning them about the whereabouts of an individual who did not reside with any of the Plaintiffs, without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

237.    Defendants' conduct, described above, was intended to and did cause severe emotional distress to Plaintiffs.

238.    The conduct of Defendants was the direct and proximate cause of injury and damage to Plaintiffs and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

239.    The conduct of Defendants White and bail recovery agent John Doe No. 8 alleged herein occurred while they were on duty and in uniform, in and during the course and scope of his duties and functions as a bail recovery agent for Bail Shop, LLC, Corporation X, and/or FCSI, under the direction of Bail Shop, LLC, Corporation X, and/or FCSI, and while they were acting as an agent, officer, servant and employee of Bail Shop, LLC, Corporation X, and/or FCSI.  As a result, Defendants Bail Shop, LLC, Corporation X, and FCSI are liable to Plaintiffs pursuant to the state common law doctrine of respondeat superior.

40

240.   As a result of defendants' conduct, Plaintiffs have suffered serious physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

241.   As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

242.   The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## TWELFTH CLAIM FOR RELIEF

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**Against Bail Shop, LLC, Defendant Agent D. White, John Doe No. 8 in his/her capacity as a bail recovery agent for Bail Shop, LLC, Financial Casualty & Surety, Inc., and Corporation X**

243.   Plaintiffs incorporate the allegations contained in paragraphs 1 through 242 of this verified complaint as if fully set forth herein.

244.   Defendants' conduct, in holding Plaintiffs at gun point while they illegally entered and searched their homes, was careless and negligent as to the emotional health of Plaintiffs and caused severe emotional distress to Plaintiffs.

245.   The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

246.   The conduct of Defendants White and bail recovery agent John Doe No. 8 alleged herein occurred while they were on duty and in uniform, in and during the course and

41

scope of his duties and functions as a bail recovery agent for Bail Shop, LLC, Corporation X, and/or FCSI, under the direction of Bail Shop, LLC, Corporation X, and/or FCSI, and while they were acting as an agent, officer, servant and employee of Bail Shop, LLC, Corporation X, and/or FCSI. As a result, Defendants Bail Shop, LLC, Corporation X, and FCSI are liable to Plaintiffs pursuant to the state common law doctrine of respondeat superior.

247. As a result of the foregoing, Plaintiffs were deprived of their liberty, were subjected to serious physical and emotional pain and suffering and was otherwise damaged and injured.

248. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

249. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## THIRTEENTH CLAIM FOR RELIEF

### NEGLIGENCE

**Against Bail Shop, LLC, Defendant Agent D. White, John Doe No. 8 in his/her capacity as a bail recovery agent for Bail Shop, LLC, Financial Casualty & Surety, Inc., and Corporation X**

250. Plaintiffs incorporate the allegations contained in paragraphs 1 through 249 of this verified complaint as if fully set forth herein.

251. Defendants while acting as agents and employees for Bail Shop, LLC, Corporation X, and/or FCSI, in their capacity as agents/bounty hunters for Bail Shop, LLC, Corporation X, and/or FCSI, owed a duty to Plaintiffs to perform duties without the use of

42

excessive force.  Defendants use of force and threat to use force upon Plaintiffs, when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury to Defendants or to others constitutes negligence for which Defendants are individually liable.

252.    Defendants' use of force and threat to use force upon Plaintiffs when Defendants had no lawful authority to seize Plaintiffs or search Plaintiffs' homes constitutes negligence for which Defendants are individually liable.

253.    Defendants, while acting as agents and employees for Bail Shop, LLC, Corporation X, and/or FCSI, in their capacity as a bail recovery agent for Bail Shop, LLC, Corporation X, and/or FCSI, owed a duty to Plaintiffs to perform their duties without the use of false imprisonment. Defendants' use of false imprisonment upon Plaintiffs, when Plaintiffs were unarmed and did not commit a crime against Defendants or to others constitutes negligence for which Defendants are individually liable.

254.    Defendants' use of force and the threat of bodily harm to imprison Plaintiffs when Defendants had no lawful authority to search Plaintiffs' homes or to imprison Plaintiffs constitutes negligence for which Defendants are individually liable.

255.    The conduct of Defendants White and bail recovery agent John Doe No. 8 alleged herein occurred while they were on duty and in uniform, in and during the course and scope of his duties and functions as a bail recovery agent for Bail Shop, LLC, Corporation X, and/or FCSI, under the direction of Bail Shop, LLC, Corporation X, and/or FCSI, and while they were acting as an agent, officer, servant and employee of Bail Shop, LLC, Corporation X, and/or FCSI.  As a result, Defendants Bail Shop, LLC, Corporation X, and FCSI are liable to Plaintiffs pursuant to the state common law doctrine of respondeat superior.

256. As a proximate result of Defendants' negligent search of Plaintiffs' homes, use of excessive force, and false imprisonment, Plaintiffs sustained physical and emotional pain and suffering, and were otherwise damaged and injured.

257. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

258. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## FOURTEENTH CLAIM FOR RELIEF

### NEGLIGENT HIRING, SUPERVISION, RETENTION, AND TRAINING

#### Against Bail Shop, LLC, Financial Casualty & Surety, Inc., and Corporation X

259. Plaintiffs incorporate the allegations contained in paragraphs 1 through 258 of this verified complaint as if fully set forth herein.

260. Defendants Bail Shop, LLC, Corporation X, and/or FCSI negligently trained, retained, and supervised Defendants D. White and bail recovery agent John Doe No. 8. The acts and conduct of Defendants D. White and bail recovery agent John Doe No. 8 were the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

261. Defendants Bail Shop, LLC, Corporation X, and/or FCSI failed to properly screen, supervise, and train Defendants D. White and John Doe No. 8 regarding the protections and rights under the Fourth Amendment.

44

262. Defendants Bail Shop, LLC, Corporation X, and/or FCSI knew or should have known that searches and seizures would be part of the job activities of Defendants D. White and John Doe No. 8, yet, upon information and belief failed to instruct, guide, train, or supervise them.

263. Following the incident, upon information and belief, Bail Shop, LLC, Corporation X, and/or FCSI were made aware of the criminal and illegal actions of the Defendants.

264. To date, Bail Shop, LLC, Corporation X, and/or FCSI have taken no action to discipline Defendants D. White and bail recovery agent John Doe No. 8.

265. Upon information and belief, the official position of Bail Shop, LLC, Corporation X, and/or FCSI is that Defendants D. White and bail recovery agent John Doe No. 8 were not at fault and should face no discipline or retraining.

266. Defendants Bail Shop, LLC, Corporation X, and/or FCSI have thereby ratified the actions and omissions of Defendants D. White and bail recovery agent John Doe No. 8 who committed federal crimes and home invasion in their jurisdiction.

267. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

268. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## DEMAND FOR JURY TRIAL

269.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

Plaintiffs pray for relief and demands judgment as follows:

1.    That Plaintiffs be awarded compensatory damages against all Defendants in an amount to be determined at trial;

2.    That Plaintiffs be awarded punitive damages against all Defendants in an amount to be determined at trial;

3.    That this Court, pursuant to 42 U.S.C. § 1988, issue an order awarding Plaintiffs reasonable attorneys' fees, together with the costs of this action against all Defendants; and

4.    That this Court award such other further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

Dated:    February 03, 2021
         Buffalo, New York

RUPP BAASE PFALZGRAF CUNNINGHAM LLC
Attorneys for Plaintiffs

_____s/ R. Anthony Rupp III_____
R. Anthony Rupp III, Esq.
Chad A. Davenport, Esq.
1600 Liberty Building
Buffalo, New York  14202
Phone:  (716) 854-3400
rupp@ruppbaase.com
davenport@ruppbaase.com

46

## VERIFICATION

STATE OF NEW YORK )
                         : ss.:
COUNTY OF ERIE )

        Jake M. Reinhardt, being duly sworn, deposes and says that he is the plaintiff named in the within entitled action; that he has read the foregoing Verified Complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters he believes them to be true.

_____
Jake M. Reinhardt, Plaintiff

Sworn to before me this
3rd day of February, 2021.

_____
Notary Public

CHAD ALAN DAVENPORT
Notary Public, State of New York
No. 02DA6401208
Qualified in Erie County
Commission Expires 12/09/2023

47

## VERIFICATION

STATE OF NEW YORK    )
                           : ss.:
COUNTY OF ERIE       )

        Kevin R. Harrington, being duly sworn, deposes and says that he is the plaintiff named in the within entitled action; that he has read the foregoing Verified Complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters he believes them to be true.

_____
Kevin R. Harrington, Plaintiff

Sworn to before me this
3rd___ day of February, 2021.

_____
Notary Public

CHAD ALAN DAVENPORT
Notary Public, State of New York
No. 02DA6401208
Qualified in Erie County
Commission Expires 12/09/2023

48

## VERIFICATION

STATE OF NEW YORK      )
                      : ss.:
COUNTY OF ERIE         )


     Taylor M. Schmieder, being duly sworn, deposes and says that she is the plaintiff named in the within entitled action; that she has read the foregoing Verified Complaint and knows the contents thereof; and that the same is true to her own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.


                    _____
                    Taylor M. Schmieder, Plaintiff

Sworn to before me this
3rd ____ day of February, 2021.

_____
Notary Public


CHAD ALAN DAVENPORT
Notary Public, State of New York
No. 02DA6401208
Qualified in Erie County
Commission Expires 12/09/2023

49

## VERIFICATION

STATE OF NEW YORK    )
                      : ss.:
COUNTY OF ERIE       )

Casey E. Carminati, being duly sworn, deposes and says that she is the plaintiff named in the within entitled action; that she has read the foregoing Verified Complaint and knows the contents thereof; and that the same is true to her own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

Casey E. Carminati, Plaintiff

Sworn to before me this
3rd day of February, 2021.

Notary Public

CHAD ALAN DAVENPORT
Notary Public, State of New York
No. 02DA6401208
Qualified in Erie County
Commission Expires 12/09/2023

## VERIFICATION

STATE OF NEW YORK      )

                                : ss.:

COUNTY OF ERIE         )

         Krystyna Kimbrell, being duly sworn, deposes and says that she is the plaintiff named in the within entitled action; that she has read the foregoing Verified Complaint and knows the contents thereof; and that the same is true to her own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

_Krystyna Kimbrell_
Krystyna Kimbrell, Plaintiff

Sworn to before me this
3rd day of February, 2021.

_____
Notary Public

CHAD ALAN DAVENPORT
Notary Public, State of New York
No. 02DA6401208
Qualified in Erie County
Commission Expires 12/09/2023

51