|  |  |  |
|---|---|---|
| JAKE REINHARDT, et al. | : | **ORDER** |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | Civil Action No.   21-CV-00206 |
|  | : |  |
| THE CITY OF BUFFALO, et al. | : |  |
|  | : | **JURY TRIAL DEMANDED** |
| Defendants. | : |  |

AND NOW, this        day of              , 2021, upon consideration of Co-Defendant Bail Shop, LLC's Motion to Dismiss, and any response thereto, it is hereby ORDERED and DECREED that Defendant's Motion is GRANTED.

Plaintiff's Complaint is DISMISSED, with prejudice.

**AND IT IS SO ORDERED.**

_____

J.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JAKE REINHARDT, et al. | : | **NOTICE OF MOTION** |
| | : | **TO DISMISS** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No.   21-CV-00206 |
| THE CITY OF BUFFALO, et al. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

| | |
|---|---|
| MOTION MADE BY: | Co-Defendant, Bail Shop, LLC |
| DATE, TIME AND PLACE OF HEARING | On a date to be set by the Court at the United States District Court for the Western District of New York. |
| RELIEF SOUGHT: | Dismissal with prejudice of all purported causes of action contained within Plaintiffs' Complaint in favor of Bail Shop, LLC, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, costs, and such other relief as deemed proper. |
| SUPPORTING PAPERS: | Declaration of Matthew B. Weisberg, Esquire, dated April 27, 2021, together with the accompanying Memorandum of Law, and all the pleadings and proceedings before had herein. |
| ANSWERING PAPERS: | Any answering papers must be served in accordance with the Federal Rules of Civil Procedure and any briefing schedule set by the Court.  Bail Shop, LLC requests the opportunity to submit reply papers. |

DATED:   April 27, 2021
            Buffalo, New York

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
(*Pro Hac Vice* – Pending)

        7 South Morton Avenue
        Morton, PA   19070
        (610) 690-0801
        (610) 690-0880 (fax)
        mweisberg@weisberglawoffices.com


/s/*Kevin M. Habberfield*, Esquire
Black Lyle & Habberfield, LLP
129 North Union Street – 2nd Floor
P.O. Box 648
Olean, NY 14760
Tel: 716-373-1920
Fax: 716-370-3110
E-Mail: kevin@blhfirm.com
(*Local Counsel*)

To:   R. Anthony Rupp, III, Esquire
       Chad A. Davenport, Esquire
       Rupp, Baase, Pfalzgraf, Cunningham, LLC
       *Attorneys for Plaintiff*
       1600 Liberty Building
       424 Main Street
       Buffalo, NY   14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAKE REINHARDT, et al. | : | **DECLARATION** |
| Plaintiffs, | : | |
| v. | : | Civil Action No.   21-CV-00206 |
| THE CITY OF BUFFALO, et al. | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

Matthew B. Weisberg, pending *pro hac vice* counsel to Co-Defendant, Bail Shop, LLC, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

1) I am an attorney pending *pro hac vice* admission, and I represent the Co-Defendant/Movant, Bail Shop, LLC, in this action. As such an attorney, I am fully familiar with the facts and circumstances set forth below.

2) I offer this Declaration and an accompanying Memorandum of Law in support of Bail Shop, LLC's Motion to Dismiss seeking dismissal of the Complaint, with prejudice, which relief can be granted for the reasons set forth in the accompanying Memorandum of Law.

3) Given the constricted scope of this dispositive motion, its posture, and the lack of specific allegations relating to the Bail Shop, LLC contained in Plaintiffs' Complaint, no separate statement of undisputed facts is submitted herewith.

4) Should the Court deem such a statement necessary, Bail Shop, LLC respectfully requests the opportunity to provide the same at a time deemed prudent by the Court.

5) On February 4, 2021, Plaintiffs commenced the instant action by filing their Complaint with this Court. Dkt. No. 1.

WHEREFORE, Bail Shop, LLC respectfully requests this Court grant its Motion to Dismiss, with prejudice, as well as such other and further relief as this Honorable Court deems just and proper.

Dated: April 27, 2021
Buffalo, New York

                                      **WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
(*Pro Hac Vice* – Pending)
7 South Morton Avenue
Morton, PA   19070
(610) 690-0801
(610) 690-0880 (fax)
mweisberg@weisberglawoffices.com


**BLACK LYLE & HABBERFIELD, LLP**


/s/*Kevin M. Habberfield*, Esquire
129 North Union Street – 2nd Floor
P.O. Box 648
Olean, NY 14760
Tel: 716-373-1920
Fax: 716-370-3110
E-Mail: kevin@blhfirm.com
(*Local Counsel*)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAKE REINHARDT, et al. | : | **NOTICE OF MOTION** |
| | : | **TO DISMISS** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No.   21-CV-00206 |
| THE CITY OF BUFFALO, et al. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF CO-DEFENDANT, BAIL SHOP, LLC'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6), WITH PREJUDICE**

**I.   Standard of Review**

Federal pleading standards require that a Complaint contained a short and plain statement of a claim.  FRCP 8(a)(2).  This Honorable Court should grant a Motion to Dismiss a Complaint under FRCP 12 (b)(6) if it is clear that the Complaint - when accepted as true: does not present *plausible* averments as against a Defendant (e.g., Movant/Co-Defendant: Bail Shop, LLC). Twombly, *infra.*, Iqbal, i*nfra.*

Legal conclusions are not presumed to be true, and the Complaint must plead and "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  Legal conclusions or unsupported inferences or assumptions that the Complaint need not be accepted in the context of deciding a Rule 12 motion.  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d, 236, 240 (C.A. 2 2002).

"While a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Twombly, at 555 (internal quotations and citations omitted); Ashcroft v. Iqbal, 556 U.S. 662 (2009)."

II.     **The Complaint fails to state a cause of action against Movant/Co-Defendant, Bail Shop, LLC**

Plaintiffs' allegations as to movant are merely (Doc. 1, ¶ 137): Bail Shop, LLC "… knew or should have known that the searches and seizures will be part of the job activities of Defendant's agent D. White and John Doe 8, yet upon information and belief failed to instruct, guide, train, or supervise them."

While the above-referenced averment is repeated in the claims for relief in various forms or another, it is essentially the most specific the Complaint has to offer.

Pursuant to 42 USC § 1983, et seq., liability against a Defendant must be based on personal involvement.  See, Spavone v. New York State Dep't. of Correctional Services, 719 F.3d. 127, 135 (C.A.2 2013) (citing Colon v. Coughlin, 58 F.3d 865, 873 (C.A.2 1995)).

The Complaint fails to set forth non-conclusory allegation of Movant's personal involvement in the alleged constitutional violation (inconsistent with Twombly/Iqbal, supra.).

The Complaint should be dismissed, with prejudice, for Plaintiffs' failure to allege personal involvement with any requisite specificity let alone (as pleaded) conclusory allegations.

Further, there is no vicarious liability under §1983.  Monell v. Dept. of Social Svcs., et al., 736 U.S. 658 (2018).

The Complaint pleads no specific "conspiracy" allegations.  See generally, ACR Systems, Inc. v. Woori Bank, 232 F. Supp 3d 417, 478-479 9 (S.D.N.Y 2017)

Moreover, movant is a private entity.  Sybalski v. Ind. Grp. Name, et al., 546 F.3d 255, 257-258 (C.A.2 2008).

In short, the Complaint fails to meet the "heft" required under the aforesaid case law governing a Complaint the standard of instant review.

WHEREFORE, Co-Defendant, Bail Shop, LLC, respectfully requests this Honorable Court dismiss the Complaint, with prejudice.

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
Attorney for Co-Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAKE REINHARDT, et al. | : | **NOTICE OF MOTION** |
| | : | **TO DISMISS** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No.   21-CV-00206 |
| THE CITY OF BUFFALO, et al. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 27th day of April, 2021, a true and correct copy of the foregoing Memorandum of Law in Support of Co-Defendant, Bail Shop, LLC's Motion To Dismiss Pursuant To FRCP 12(B)(6), With Prejudice was served via ECF and Regular mail, respectively, upon the following parties:

Chad A. Davenport, Esquire
R. Anthony Rupp, III, Esquire
Rupp Baase Pfalzgraf Cunningham LLC
1600 Liberty Building
424 Main Street
Buffalo, NY 14202

Maeve Eileen Huggins, Esquire
City of Buffalo Law Department
Suite 1112 City Hall
Buffalo, NY 14202

Adam W. Perry, Esquire
Hodgon Russ LLP
The Guaranty Building, Suite 100
140 Pearl Street
Buffalo, NY 14202-4040

Agent D. White
760 Cumberland Street
Lebanon, PA 17042

                                                   **WEISBERG LAW**

                                        */s/ Matthew B. Weisberg*
                                        Matthew B. Weisberg, Esquire
                                        Attorney for Co-Defendant