UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAKE M. REINHARDT, TAYLOR M. SCHMIEDER, KEVIN R. HARRINGTON, CASEY E. CARMINATI, and KRYSTYNA KIMBRELL,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF BUFFALO, JOHN DOES Nos. 1-7, individually and in their capacities as City of Buffalo Police Officers, BAIL SHOP, LLC, AGENT D. WHITE, individually and in his capacity as agent for Bail Shop, LLC, JOHN DOE No. 8, individually and in his/her capacity as bail recovery agent for Bail Shop, LLC, FINANCIAL CASUALTY & SURETY, INC., and CORPORATION X, a bail bond service company organized and existing under the laws of the State of New York,<br><br>    Defendants. | Case No. 1:21-cv-206 |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND FOR LATE SERVICE AND ON DEFENDANT BAIL SHOP'S REQUEST FOR A RULE 26(f) CONFERENCE**
**(Docs. 22, 25)**

On February 4, 2021, Plaintiffs Jake M. Reinhardt, Taylor M. Schmieder, Kevin R. Harrington, Casey E. Carminati, and Krystyna Kimbrell filed a complaint against the City of Buffalo, Buffalo Police Commissioner Byron Lockwood, Financial Casualty & Surety, Inc. ("FCSI"), and Bail Shop, LLC (collectively, "named Defendants"), as well as Agent D. White, eight unidentified John Does, and an unidentified corporate defendant, Corporation X (collectively, "Doe Defendants"). (Doc. 1.) The Complaint seeks redress for injuries to Plaintiffs arising from Defendants' alleged warrantless searches of Plaintiffs' residences in January 2021.

Plaintiffs' deadline to complete service on all defendants was May 5, 2021. *See* Fed. R. Civ. P. 4(m), 6(a). But on May 4, 2021, Plaintiffs filed a motion seeking leave to conduct limited discovery to determine the identities of the Doe Defendants and for an extension of time to serve the Doe Defendants. (Doc. 22.)

Defendant Bail Shop filed a memorandum requesting an expedited Rule 26(f) conference between the parties (Doc. 25) and the City of Buffalo and Defendant Lockwood (collectively, "City Defendants") filed a memorandum opposing Plaintiffs' request for expedited discovery (Doc. 26). Plaintiffs' counsel and counsel for FCSI have stipulated that FCSI is unable to provide the information sought by Plaintiffs, and is not subject to the pending motion for expedited discovery. (*See* Doc. 27.)

**I.    Background**

The court summarized the Complaint's factual allegations relating to the events of January 9 and January 10–11, 2021 in a recent order (Doc. 30), and does not repeat them here. In brief, Plaintiffs' claims arise from events on those dates when bail recovery agents from Pennsylvania, allegedly aided by City of Buffalo police officers, "burst into Plaintiffs' homes . . . at gunpoint and engaged in a violent, terrifying, warrantless search[] of the premises while trying to locate an alleged bond-jumper who was not present and did not reside" there. (Doc. 1 ¶ 1.) With respect to the unidentified Doe Defendants and Plaintiffs' attempts to identify them, Plaintiffs' counsel submitted a declaration (Doc. 22-1) that attests to the following:

On January 15, 2021—less than one week after the incidents—Plaintiffs served the City of Buffalo with Freedom of Information Law ("FOIL") requests for information and documents that will enable Plaintiffs to identify and serve the Doe Defendants. (Doc. 22-1 at 2 ¶ 3; *id.* at 6 ¶ 4.) The FOIL requests sought "all documents (including call logs, dispatch records, and

incident reports) and the body cam footage from individual officers relating to" the alleged incidents. (*Id.* at 6 ¶ 7.) Plaintiffs submitted additional FOIL requests on February 1, 2021. (*Id.* at 8 ¶ 15.) Plaintiffs commenced this lawsuit on February 4, 2021. Because the City did not respond to either of Plaintiffs' FOIL requests, Plaintiffs' appealed the "constructive denial" on February 9, 2021. (*Id.* at 8 ¶ 17.)

On February 11, 2021, the City's Corporation Counsel stated via email that the City would respond to Plaintiffs' FOIL requests within 20 days. (*Id.* at 10 ¶ 22.) As of March 8, 2021, however, the City still had not responded to Plaintiffs' requests, so Plaintiffs commenced an Article 78 proceeding to challenge the withholding of information. (*Id.* at 2 ¶ 3; *id.* at 5–11.) A hearing on Plaintiffs' Article 78 petition was scheduled for May 20, 2021. (*Id.* at 2 ¶ 4.)

Plaintiff served expedited discovery requests on City Defendants, Bail Shop, and FCSI. (*Id.* at 3 ¶ 11; *id.* at 36.) The "Request for Production in Advance of Rule 26(f) Conference" asks defendants to:

> [i]dentify the bail recovery agents, City of Buffalo police officers, and the Buffalo Bail Shop that participated in the joint operation to locate and return alleged bond-jumper, Luke Reinhardt, as alleged in the Complaint, including, for each individual and entity identified, the person and entity's full name, present or last known address, and the present or last known place of employment for each individual.

(*Id.* at 36.) Counsel for neither Defendant Bail Shop nor City Defendants have provided Plaintiffs' counsel with the identities of the unidentified bail agents. (*Id.* at 2 ¶ 5; *id.* at 3 ¶ 9.)

**II.    Good Cause Exists to Allow Plaintiffs Early Discovery and to Extend the Deadline for Service**

Fed. R. Civ. P. 26(d)(1) generally prohibits a party from seeking discovery prior to a Rule 26(f) conference. However, the rule creates an exception for early discovery where authorized by court order. Courts in the Second Circuit apply a "flexible standard of reasonableness and good cause" when considering motions for expedited discovery. *Strike 3*

*Holdings, LLC v. Doe*, No. 20 Civ. 4501 (WFK) (VMS), 2021 WL 535218, at *1 (E.D.N.Y. Feb. 12, 2021) (citing cases); *United States v. Erie County*, No. 09-CV-849S, 2010 WL 11578742, at *3 (W.D.N.Y. Mar. 6, 2010); *see also Malibu Media, LLC v. Doe*, No. 3:19-CV-00808 (CSH), 2019 WL 2537671, at *1 (D. Conn. June 20, 2019); *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); *OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 303–04 (N.D.N.Y. 2006). A variety of factors to guide this inquiry, including the relative prejudices that will be suffered by the parties, *Erie Cnty.*, 2010 WL 11578742, at *3, the plaintiff's ability to make out a prima facie claim, the specificity of the discovery request, the availability of alternative means to obtain the information, the necessity of the information for the plaintiff's claim, the defendant's expectation of privacy, the proportionality of the request, the timing of the motion, and the diligence of the requesting party, *Strike 3 Holdings*, 2021 WL 535218, at *1–2.

City Defendants argue that good cause does not exist because "Plaintiffs' position is one of their own making." (Doc. 26 at 3.) City Defendants suggest that because Plaintiffs commenced this action without first obtaining the identifying information necessary to serve process on Doe Defendants, and then delayed filing their request for an extension of time to serve process until the May 4, 2021 deadline for service, Plaintiffs cannot demonstrate "good cause." (*Id.*) City Defendants further contend that Plaintiffs' FOIL requests and ongoing Article 78 proceeding are irrelevant to this action.

Contrary to City Defendants' contention, however, the court perceives the pending Article 78 proceeding and Plaintiffs' FOIL requests as directly relevant to the case and, specifically, Plaintiffs' request for expedited discovery. Plaintiffs' Article 78 petition extensively documents the steps Plaintiffs have already taken to obtain information that would enable them

to identify the Buffalo police officers allegedly involved in the January incidents. (*See* Doc. 22-1 at 5–11.) Plaintiffs' counsel has attested that the information sought in Plaintiffs FOIL requests is "necessary" to identify the officers who participated in the alleged incidents. (Doc. 22-1 at 2 ¶ 3.)

All of the factors other courts have considered when evaluating motions for expedited discovery support granting Plaintiffs' motion. The court has already denied City Defendants' motion to dismiss because it found the Complaint's factual allegations sufficient to state a claim under 42 U.S.C. § 1983 against City Defendants. The information Plaintiffs seek is essential to their claims against individual Defendants and resides under City Defendants' and Bail Shop's control. Plaintiffs' counsel's declaration (Doc. 22-1) documents Plaintiffs' diligence in pursuing this information through alternative means—most of which are controlled by City Defendants. And, although the ongoing Article 78 proceeding represents an alternative mechanism for obtaining the requested information, forcing Plaintiffs to litigate in state court to uncover information already known to Defendants—information which Plaintiffs first requested directly from City Defendants over three months ago—appears unduly prejudicial to Plaintiffs. Denying Plaintiffs' request would prolong their inability to identify and serve Defendants and delay resolution of the underlying merits. In contrast, City Defendants have not identified any prejudice they would suffer if the court grants Plaintiffs' request.

Critically, City Defendants' main argument—that the court should deny Plaintiffs' request for expedited discovery because Plaintiffs failed to acquire information in Defendants' control before filing their lawsuit and then tarried too long in seeking an extension of time to serve process—skips over City Defendants' apparently central role in gatekeeping and delaying Plaintiffs' access to the requested information. For all these reasons, the court finds Plaintiffs'

5

request for limited early discovery to identify the Doe Defendants to be reasonable and supported by good cause.

These same factors further support extending Plaintiffs' deadline to serve Doe Defendants until after Plaintiffs have received the information they seek from City Defendants and Bail Shop. Under Fed. R. Civ. P. 4(m), a court may extend the time for service upon a defendant where a plaintiff demonstrates "good cause" for failing to serve process within 90 days of filing of the complaint. The court concludes that Plaintiffs have made the requisite showing, as outlined above.

For its part, Bail Shop does not oppose Plaintiffs' request for disclosure. Instead, Bail Shop objects to the form of Plaintiffs' initial request for discovery and to Plaintiffs' characterization of Bail Shop's prior communications with Plaintiffs' counsel. Specifically, Bail Shop argues that Plaintiffs' "Request to Produce" (*see* Doc. 22-1 at 36–37) should have been titled "Interrogatory." Bail Shop explains that it will respond to a re-titled request as appropriate, but requests an expedited Rule 26(f) conference prior to any such re-titled request being tendered. (*See* Doc. 25 ¶¶ 2–4.)

Because Plaintiffs' "Request for Production" asks defendants to "identify" and provide information about the unidentified City police officers, bail recovery agents, and Buffalo bail shop, the court agrees with Bail Shop that this request is more properly characterized as an interrogatory. The court directs Plaintiffs to re-title their request and re-serve it on City Defendants and Bail Shop. Because Plaintiffs seek limited discovery as to the identities and locations of the Doe Defendants, the court sees no reason to convene a Rule 26(f) conference prior to the re-service of their discovery request.

## Conclusion

Plaintiffs' motion for limited expedited discovery (Doc. 22) is GRANTED AS MODIFIED. Plaintiffs are directed to modify the title of their request and to re-serve it on City Defendants and Bail Shop. City Defendants and Bail Shop are directed to respond to Plaintiffs' retitled request within 30 days. The court extends the deadline to serve Doe Defendants until 60 days after both City Defendants and Bail Shop respond to Plaintiffs' discovery request.

The court DENIES Bail Shop's request for a Rule 26(f) conference prior to the re-service of Plaintiffs' limited discovery request (Doc. 25).

The court finds no reason to hold a hearing on this matter or to award costs to the plaintiffs.

Dated this 4th day of June, 2021.

Geoffrey W. Crawford, Judge
United States District Court