UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAKE M. REINHARDT, *et al.*,

                Plaintiffs,

v.

THE CITY OF BUFFALO, *et al.*,

                Defendants.
_____

**DECISION AND ORDER**

1:21-CV-00206(GWC)(JJM)

        My July 17, 2023 Second Amended Case Management Order set a deadline of December 4, 2023 for plaintiffs to identify experts and furnish reports. [150], ¶2. It further stated, in boldface type, that "**[n]o extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension . . . . The parties are reminded that 'a finding of good cause depends on the diligence of the moving party'. Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000)**". Id. at 2.

        Before the court is plaintiffs' December 15, 2023 motion [167][1] seeking to extend the deadline for expert disclosures pursuant to Fed. R. Civ. P. ("Rule") 6(b)(1)(B) [167]. In support of the motion, their attorney states that he "mistakenly calendared this deadline at the end of December 2023, rather than the beginning of December 2023", that he "celebrated the birth of his first child while simultaneously preparing for a two-week trial in Connecticut", that "[u]pon conclusion of [the] trial, [he] reviewed his upcoming deadlines" and "became aware for the first time that he incorrectly calendared the deadline to provide expert disclosures", and that "counsel for the City of Buffalo . . . consents to a sixty (60) day extension for Plaintiffs to

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

provide expert disclosures, so long as Plaintiffs consent to a sixty (60) day extension to provide [the City's] expert disclosures". Declaration [167-1], ¶¶4, 5, 7, 8.[2]

Plaintiffs argue that a motion to extend a deadline may be "'made after the time has expired if the party failed to act because of excusable neglect'" (plaintiffs' Memorandum of Law [167-2] at 3, *quoting* Rule 6(b)(1)(B)), and that "excusable neglect may be found in an error caused entirely by Plaintiffs' attorney's mistake - incorrectly calendaring deadlines set forth in a Court order - so long as there is no prejudice to the opposing party and no evidence of bad faith". Id. at 4, *citing* Bahrami v. Ketabchi, 2010 WL 1948599, *2 (S.D.N.Y. 2010) and LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995).

## DISCUSSION

Motions like this remind me why I am no fan of scheduling orders. If it were solely up to me, I would likely grant the motion. However, my "discretion is limited by Rule 16(b)(4)". Smith v. Bradt, 329 F.R.D. 500, 504 (W.D.N.Y. 2019). Because my Amended Case Management Order was issued pursuant to Rule 16, counsel's reliance on Rule 6(b), Bahrami, and LoSacco is misplaced. "[I]t is not the requirements of Rule 6(b), but the 'good cause' standard of Rule 16(b) which governs this motion . . . . Rule 16(b)(4) provides that '[a] schedule may be modified *only* for good cause and with the judge's consent' . . . . The Second Circuit has repeatedly stated that a finding of 'good cause' depends on the diligence of the moving party." Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251, 252 (W.D.N.Y. 2012) (emphasis in original).

"Attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b)." Engles v. Jones, 405 F. Supp. 3d 397, 407

---

[2]   The motion does not state whether the other defendants consent to the extension.

-3-

(W.D.N.Y. 2019). "[T]he absence of prejudice to the non-moving party . . . does not satisfy the good cause requirement", Shemendera, 288 F.R.D. at 253, and even if plaintiffs had the consent of all defendants, "absent good cause", that consent would be "irrelevant". Rupp v. City of Buffalo, 328 F.R.D. 69, 71 (W.D.N.Y. 2018).

## CONCLUSION

For these reasons, plaintiffs' motion [167] is denied, albeit reluctantly. However, that denial does not prevent the parties from agreeing to conduct expert discovery in whatever timeframe they wish, provided (1) that they not seek the court's assistance in doing so, and (2) that the May 30, 2024 for dispositive motions ([150], ¶4) is not extended.

**SO ORDERED**.

Dated:   December 18, 2023

                                                /s/Jeremiah J. McCarthy
                                                JEREMIAH J. MCCARTHY
                                                United States Magistrate Judge