

1600 Liberty Building, 424 Main Street, Buffalo, New York 14202
P 716.854.3400   www.RuppPfalzgraf.com

**CHAD A. DAVENPORT**
Davenport@RuppPfalzgraf.com

February 27, 2025

Hon. Geoffrey W. Crawford
U.S. District Court
11 Elmwood Avenue
Burlington, VT 05401

Dear Judge Crawford:

      Re:    Reinhardt, et al. v. City of Buffalo, New York, et al.
              Index No.:    21-CV-206
              Our File No.:  5662.28619

We write in response to the letter submitted by the City of Buffalo dated February 25, 2025, concerning the applicability of *Boyd v. City of Buffalo*, 2025 WL 262152 (W.D.N.Y. Jan. 22, 2025), to the above matter. The City Defendants' reliance on *Boyd* is misplaced, and their arguments regarding the inapplicability of joint and several liability fail to recognize the distinct legal basis for Plaintiffs' claims, including joint action, failure to intervene, and municipal liability under *Monell*.

### I.    Joint and Several Liability vs. Joint Action

The City Defendants assert that *Boyd* supports their contention that joint and several liability does not apply in section 1983 cases. However, this argument mischaracterizes Plaintiffs' claims. Plaintiffs are not relying solely on a traditional joint and several liability theory imposed through New York state law; rather, they assert that the City Defendants engaged in joint action with the bounty hunters, making them collectively responsible for the constitutional violations that caused a "single indivisible injury." *See, e.g., Sinkov v. AmeriCor, Inc.*, Fed. Appx. 86, 93-94 (2d Cir. 2011) (affirming district court's holding that the defendants, a sheriff, correctional facility workers, the county, and AmeriCor, Inc., were jointly and severally liable under section 1983 since the action involved "several defendants [that] produce[d] a single indivisible injury"). Under the joint action doctrine, when state actors and private parties act together to commit constitutional violations, they are treated as a unified entity under section 1983 liability. (*See* Plaintiffs' Memorandum of Law in Support of Partial Summary Judgment, at pp. 10-17).

The undisputed facts demonstrate extensive coordination between the Buffalo Police Department (BPD) officers and the bounty hunters before and during the unconstitutional home invasions. Officers actively facilitated and participated in the searches, enabling and

**RUPP PFALZGRAF** LLC

February 27, 2025
Page 2

legitimizing the bounty hunters' unlawful actions.  As the Second Circuit consistently has held, liability in these circumstances does not require independent wrongful acts by each defendant; rather, where multiple actors jointly contribute to a "single indivisible" constitutional violation, each can be held jointly and severally liable.  *See, e.g., Jennings v. Yurkiw*, 18 F.4th 383, 386-89, 394-95 (2d Cir. 2021) (affirming two jury verdicts holding that officers were jointly and severally liable in section 1983 claim); *Sinkov*, Fed. Appx. at 93-94 (similar); *Rodick v. City of Schenectady*, 1 F.3d 1341, 1348-49 (2d Cir. 1993) (finding that defendants in section 1983 actions "are jointly and severally liable for the damages they cause when a plaintiff has suffered a single injury").

## II.     The City Misinterprets *Restivo v. Hessemann*

The City relies on *Restivo v. Hessemann*, 846 F.3d 547 (2d Cir. 2017), to argue against joint and several liability.  However, *Restivo* does not categorically reject joint and several liability in section 1983 cases.  Instead, it addressed how damages should be allocated when a co-defendant has settled, recognizing the possibility of setoff rather than precluding joint and several liability altogether.  *See Restivo*, 846 F.3d at 585-87.  *Restivo* is inapposite to the present case, as it did not involve a finding that joint action among the defendants was absent, nor did it bar courts from imposing joint and several liability in section 1983 claims when appropriate.

Additionally, the Western District's interpretation of *Restivo* in *Boyd* does not constitute binding precedent and is inconsistent with other Second Circuit rulings, including *Rodick v. City of Schenectady*, 1 F.3d 1341, 1348-49 (2d Cir. 1993), which implicitly recognized the application of joint and several liability in section 1983 claims, and *Jennings v. Yurkiw*, 18 F.4th 383, 394-95 (2d Cir. 2021) and *Sinkov v. Americor*, Fed. Appx. 86, 93-94 (2d Cir. 2011), which affirmed jury verdicts imposing joint and several liability on multiple section 1983 defendants.

## III.    Failure to Intervene Claims Establish Independent Liability

In addition to joint action, Plaintiffs assert failure to intervene claims against the City Defendants.  Under established Second Circuit precedent, an officer who observes a constitutional violation and has an opportunity to intervene but fails to do so is liable as though he directly committed the violation.  (*See* Plaintiffs' Memorandum of Law in Support of Partial Summary Judgment, at pp. 30-34).  Here, BPD officers not only failed to intervene in the bounty hunters' unlawful conduct but actively assisted in the unconstitutional raids.  The failure-to-intervene claims provide a separate and independent basis for liability, rendering the City's arguments regarding apportionment of fault irrelevant to the issue of liability.

**RUPP PFALZGRAF** LLC

February 27, 2025
Page 3

### IV. *Monell* Liability is Not Affected by *Boyd*

The City Defendants' argument ignores that Plaintiffs also assert claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The City's failure to train its officers regarding their interactions with bounty hunters—despite clear notice of the risks—constitutes deliberate indifference, which directly caused the violations of Plaintiffs' constitutional rights. (*See* Plaintiffs' Memorandum of Law in Support of Partial Summary Judgment, at pp. 38-49). This failure is an independent basis for municipal liability.

Moreover, the City's argument regarding apportionment of fault does not negate *Monell* liability. A municipality is liable under section 1983 when its policies, customs, or failure to train cause constitutional violations. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Whether individual officers are proportionally at fault is immaterial to whether the City itself is liable for the constitutional violations arising from its systemic failures.

### V. Conclusion

The City Defendants' reliance on *Boyd* does not absolve them of liability under Plaintiffs' theories of joint action, failure to intervene, and *Monell*. Furthermore, their arguments conflating joint and several liability with joint action are legally incorrect and irrelevant to the claims asserted. Plaintiffs respectfully request that the Court reject the City's arguments and permit the case to proceed under the proper legal framework.

Respectfully submitted,

*s/Chad A. Davenport*

Chad A. Davenport, Esq.