**CHRISTOPHER P. SCANLON**
Mayor of Buffalo



**CAVETTE A. CHAMBERS**
Corporation Counsel

# LAW DEPARTMENT

March 3, 2025

Hon. Geoffrey W. Crawford
Chief United States District Judge - Vermont
U.S. District Court - W.D.N.Y.
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

      Re:    Reinhardt, et al. v. City of Buffalo, et al.
             21-cv-206-GWC

Dear Judge Crawford:

      Please allow this letter to reply to plaintiffs' response on the issue of whether joint and several liability applies in §1983 actions.

      I.    Plaintiffs' reliance on *Sinkov v. Americor, Inc.*, 419 F.Appx. 86 (2d Cir. 2011) is misplaced because *Sinkov* concerned whether the district court abused its discretion in holding the defendant (AmeriCor) responsible for the full amount of plaintiffs' attorneys' fees. Indeed, the jury's apportionment of liability among the defendants in *Sinkov* operated to reduce AmeriCor's responsibility for plaintiffs' damages. *Id.* at 88.

      II.    Contrary to plaintiffs' assertion, the *Boyd* Court's interpretation of *Restivo* does not conflict with other Second Circuit rulings. First, the joint and several liability issue in *Rodick v. City of Schenectady* was with respect to a state law malicious prosecution claim. The court ordered a new trial because, *inter alia*, the verdict on this claim was inconsistent with New York State joint and several liability law. 1 F.3d 1341, 1348 (2d Cir. 1993). Second, there is no mention of any objection by defendants at trial to the imposition of joint and several liability in *Jennings v. Yurkiw*, 18 F.4th 383 (2d Cir. 2021). This is presumably because they were all NYPD police officers whereas here the plaintiffs have sued private entities and individuals along with the City defendants. In any event, the court in *Jennings* simply did not address whether liability under §1983 is joint and several.

Hon. Geoffrey W. Crawford
March 3, 2025
Page 2

      III, IV.      It is unclear to the City defendants how plaintiffs' failure to intervene and *Monell* claims could have any effect on the joint and several liability analysis under §1983. In fact, the plaintiffs' only remaining claim in *Boyd* was a *Monell* claim against the County of Erie. This fact did not stop the Court from holding that the County was entitled to limit its liability for plaintiffs' damages by the proportionate fault of other alleged tortfeasors (i.e., the City of Buffalo and individual BPD detectives) as determined at trial.

      Thank you for your consideration.

      Respectfully yours,

      Cavette A. Chambers
      Corporation Counsel

      By: s/David M. Lee
      Assistant Corporation Counsel
      Direct Dial (716) 851-9691